FILED
JUL 07 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag. Case No. '08 MJ 8604 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 8, U.S.C., Section 1326 Deported Alien Found In the United States |
| Jose JIMENEZ-Patino, | |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about July 3, 2008, within the Southern District of California, defendant Jose JIMENEZ-Patino, an alien, who previously had been excluded, deported and removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 7th DAY OF JULY 2008.

_____
PETER C. LEWIS
U.S. MAGISTRATE JUDGE

(1)

I, Senior Border Patrol Agent Juan J. Suarez declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon the statements of the apprehending Border Patrol Agent, M. Coronado that the Defendant was found and arrested on July 3, 2008, east of Calexico, California.

At approximately 11:20 p.m. BPA Coronado observed footprints leading north across the United States/Mexico International Boundary. BPA Coronado followed these footprints north to the south canal bank of the All American Canal near Drop 2. BPA Coronado asked the Remote Video Surveillance System (RVSS) Operator to scan north of his location. The RVSS operator advised BPA Coronado of three individuals attempting to conceal themselves just north of Drop 2 along Interstate 8.

BPA Coronado made his way across Drop 2 and approached the three subjects. BPA Coronado identified himself as a United States Border Patrol Agent and conducted a field immigration interview. BPA Coronado determined that the three subjects were citizens and nationals of Mexico illegally in the United States. One of the three subjects later identified as Jose JIMENEZ-Patino also admitted to entering and being present in the United States illegally. All three subjects were placed under arrest.

Records checks revealed that an immigration judge had ordered JIMENEZ removed from the United States on July 22, 1993, and that JIMENEZ was removed through the Calexico, California Port of Entry. Further checks also revealed a criminal history.

At approximately 4:25 a.m, BPA Flores advised JIMENEZ of his Miranda Rights. BPA Flores asked JIMENEZ what country he was a citizen of, and he stated Mexico. He was then asked if he had any legal immigration documents to work or reside in the United States. JIMENEZ stated that he did not. BPA FLORES asked JIMENEZ how he last entered into the United States and he said through a hole in the All American Canal. JIMENEZ answered that he was going to Los Angeles, California to work.

There is no evidence that ESPINOZA has sought or been granted permission by the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after being removed.

Executed on July 4, 2008 at 10:20 a.m.

_____
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of one page, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on July 4, 2008 in violation of Title 8, United States Code, 1326.

_____
Hon. William McCurine Jr.
United States Magistrate Judge

_____
Date/Time